UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO:

**JOSEPH JACKSON, on behalf of himself
and all others similarly situated,**

　　Plaintiff,

v.

**SAFE HAVEN SECURITY SERVICES, LLC.,
a Foreign Limited Liability Company(fka)
SAFE HAVEN SECURITY SERVICES, INC.**

　　Defendant.

_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff Joseph Jackson, ("Plaintiff") on behalf of himself and all others similarly situated, by and through his undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA") against SAFE HAVEN SECURITY SERVICES, LLC., a Foreign Limited Liability Company(fka) SAFE HAVEN SECURITY SERVICES, INC. ("SAFE HAVEN" or "Defendant") for unpaid overtime compensation and hereby states as follows:

### NATURE OF THE ACTION

1.　Plaintiff, JOSEPH JACKSON ("Plaintiff") alleges on behalf of himself and on behalf of other similarly situated current and former employees of Defendant, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendant for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendant's violations lacked a good faith basis.

2.　Plaintiff seeks class-wide relief on behalf of himself, and all other similarly situated employees, who were subjected to Defendant's common and illegal pay practices and policies of

failing to pay their employees proper overtime compensation for hours worked over forty (40) per workweek.

3. Further, Plaintiff, and those similarly situated, worked more than forty (40) hours per workweek without receiving the proper overtime pay for all their overtime hours worked because Defendant failed to properly calculate the overtime pay rate to include non-discretionary bonuses and/or commissions.

4. Plaintiff seeks nationwide conditional certification of the following class:

> All piece rate/commission paid installation technicians, service technicians, or other job titles performing the same and/or similar duties who worked for Defendant nationwide during the relevant limitations period were not paid full and proper overtime compensation for hours worked over forty (40) hours per workweek.

## THE PARTIES

5. At all times material hereto, Plaintiff, was and continues to be a resident of Florida, and was an "employee" of the Defendant within the meaning of the FLSA.

6. Plaintiff is an adult resident of Florida and was employed by Defendant as a non-exempt piece rate/ commission paid installation technicians, service technicians, or other job titles performing the same and/or similar duties from April 2019, through August 13, 2021.

7. Plaintiff was employed and worked in several cities for Defendant throughout Florida, including Port St. Lucie, Florida.

8. Plaintiff consents in writing to become the named Plaintiff party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto as Exhibit A.

9. During the Relevant Liability Period (herein after, the "Collective Action Period"), Plaintiff was a covered employee within the meaning of the FLSA.

10. At all times material hereto, Defendant, was conducting business in Florida.

11. At all times material hereto, Defendant was and continues to be an "employer[s]" within the meaning of the FLSA.

12. At all times material hereto, Defendant knowingly and willfully failed to pay Plaintiff, and all similarly situated class members his/their lawfully earned overtime wages in conformance with the FLSA.

13. Defendant committed a willful and unlawful violation of the FLSA and, therefore, is liable for monetary damages.

14. At all times material hereto, Defendant was, and continues to be, "enterprises engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff, and the purported class members, was directly essential to the business performed by Defendant.

16. Plaintiff fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## JURISDICTION AND VENUE

17. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

18. Venue in the Southern District of Florida is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants provide services in this District and is thus considered a resident of this District.

## PARTIES

19. Defendant is a foreign corporation incorporated in Missouri and is authorized to do business in over 13 states nationwide, including the state of Florida.

20. Defendant sells security systems to its customers in 32 cities in 13 states nationwide, which includes several cities in the State of Florida[1].

21. To that end, Defendant holds themself out to the public as follows *via* their website:

> "As the nation's largest ADT Authorized Dealer and one of the fastest-growing segments of the ADT business family, we've developed an understanding of the needs of our clients, partners and employees you'll find nowhere else. When you work with Safe Haven, you can depend on our team of high-level, forward-thinking men and women committed to creating a home security system tailored to your needs. We look forward to forming real relationships with our clients, our partners and each other and serving as a solid resource for home security. Most importantly, we're motivated by keeping you safe. Our team is dedicated to your

---

[1] Named Plaintiff worked in and around South Florida, including, Fort Lauderdale, Miami, and Port St. Lucie. Additionally, Named Plaintiff also worked in Fort Myers, Melbourne and Orlando as well as many other Florida cities.

safety. Every person who comes to your home meets all ADT standards as well as local and state-level licensing and has passed a federal background check. We only use our own employees and will never send a subcontractor. Not only is every component and part we use brand new, but we only use factory OEM parts that meet all of ADT's standards. We don't just meet ADT's standard policies. We go above and beyond to make sure our clients are happy, and that each system is performing properly."

22. Based upon information and belief, the gross revenue of Defendant was in excess of $500,000.00 per annum during all times relevant.

23. The Defendant is subject to the jurisdiction of this Court because it engaged in substantial and not isolated activity within the Southern District of Florida.

24. The Defendant is also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry-on business in the Southern District of Florida.

25. The venue of this Court over this controversy is based upon the following:

  a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and

  b. Defendant was and continues to do business within this judicial district.

## COLLECTIVE ACTION ALLEGATIONS

26. Pursuant to 29 U.S.C. §§ 206 and 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> **All installation/service technicians/installers who are or were employed by defendant nationwide at any time since January 2020, to the entry of judgment in this case (the "Collective Action Period"), and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").**

27. The Collective Action Members are similarly situated to Plaintiff in that they were employed by defendant as installation technicians, service technicians, or other job titles performing the same and/or similar duties and were denied premium overtime pay for hours worked beyond forty (40) hours in any given workweek.

28.    As installation/service technicians/installers, their primary job duty was non-exempt manual labor work; installing and/or servicing and repairing home security systems for clients of Defendant.

29.    They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

30.    Plaintiff and the Collective Action Members perform or performed the same or similar primary duties and were subjected to the same policies and practices by defendant.

31.    The exact number of such individuals is presently unknown but is known by the defendant and can be ascertained through appropriate discovery.

## FACTS

32.    At all relevant times herein, defendant owned and operated an appliance store in Fort Myers, Florida.

33.    Plaintiff and the Collective Actions Members were employed as drivers/technicians/installers.

34.    Plaintiff and the Collective Actions Members' primary duties were to deliver appliances to customers, install them in customers' homes, and haul away old appliances.

35.    Plaintiff's work was performed in the normal course of defendant's business and was integrated into the business of defendants and did not involve executive or administrative responsibilities.

36.    At all relevant times herein, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

37.    Plaintiff worked at least sixty (60) hours or more during his employment with Defendant.

38.    Plaintiff was a piece-rate/commission paid non-exempt laborer throughout his employment with Defendant.

39.    to pay Plaintiff and other class members for all overtime hours worked, Defendants acted willfully and with reckless disregard of clear applicable FLSA provisions.

40.    Defendant failed to pay Plaintiff any overtime for hours worked within a workweek, in violation of the FLSA.

41.    Defendant's failure to pay Plaintiff overtime for overtime hours worked was willful and lacked a good faith basis.

42. Upon information and belief, throughout the period of plaintiff's employment and continuing until today, defendant has likewise employed other individuals like Plaintiff and the Collective Action Members in positions for defendant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

43. Defendant applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of overtime.

44. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendant has likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA.

45. Upon information and belief, while defendants employed Plaintiff and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees and failed to post or keep posted notices explaining overtime pay rights provided by the FLSA.

## COUNT I

(Fair Labor Standards Act - Overtime)

46. Plaintiff, on behalf of himself and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

47. At all relevant times, defendants employed Plaintiff, and each of the Collective Action Members within the meaning of the FLSA.

48. At all relevant times, the defendant had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

49. As a result of defendant's willful failure to compensate their employees, including Plaintiff and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

50. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

51. Due to defendant's FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from defendant their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually and on behalf of the Collective Action Members, respectfully requests judgement against Defendant and prays that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction against defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. Find that Defendant's violation of the FLSA was willful and impose a three- year statute of limitations period for FLSA claims;

e. Award Plaintiff and all non-exempt piece-rate/commission paid laborers unpaid overtime compensation;

f. An award of liquidated damages as a result of defendant's willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

g. Compensation for illegal deductions from pay;

m. An award of prejudgment and post judgment interest;

n. An award of costs and expenses of this action together with reasonable attorneys' fees; and

o. Such other, further, and different relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court. Dated this 20th day of January 2023.

Respectfully submitted,

*/s Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Trial Counsel for Plaintiff*